[Cite as *State v. Chessman*, 2011-Ohio-4283.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24454 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CRB-1280 |
| v. | : | |
| | : | (Criminal Appeal from Montgomery |
| SCOTT A. CHESSMAN | : | County Municipal Court - |
| | : | Western Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 26th day of August, 2011.

. . . . . . . . . . .

RYAN L. BRUNK, Atty. Reg. #00079237, Ronald D. Keener Co., LPA, 125 West Main Street, New Lebanon, Ohio 45345
        Attorney for Plaintiff-Appellee

MARC T. ROSS, Atty. Reg. #0070446, Ross & Callaway, LLC, 137 North Main Street, Suite 516, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant Scott Chessman appeals from his conviction and sentence for Petty Theft.  Chessman contends that the trial court erred by denying his Crim.R. 29 motion to dismiss, because the State failed to offer evidence sufficient to support the

conviction.

**{¶ 2}** We conclude that the record contains evidence upon which a rational finder of fact, after viewing the evidence in a light most favorable to the State, could find the essential elements of the crime proven beyond a reasonable doubt.

**{¶ 3}** The judgment of the trial court is Affirmed.

I

**{¶ 4}** One day in June, 2010, Brandy Miller was doing laundry in the basement of the duplex apartment building where she resided when she noticed Chessman, a woman, and one or two more men enter the basement. She testified that Chessman and the others began to carry bags and boxes out of the basement to a vehicle parked outside the building. Miller testified that when the group attempted to take a Dewalt Level out of her portion of the basement, she put her foot on the piece of equipment and told them that it belonged to her fiancé. She testified that after the group left, some baseball equipment of the other duplex tenant, Cory Ridenour, was missing as well as the Dewalt Level. Miller did not observe any of the group with the missing items, but did observe them carrying bags and boxes of items. Ridenour called the police to report the loss as soon as he learned of the incident. Ridenour testified that two baseball bats, a baseball glove and a Dewalt Sander were missing from his portion of the basement.

**{¶ 5}** The evidence shows that the basement was partitioned so that the tenants of the duplex had a portion of the basement for personal use. The basement was not locked, and could be accessed by anyone.

{¶ 6}   Chessman was charged by complaint with one count of Petty Theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree.   The matter was tried to the bench. At the conclusion of the State's case, Chessman moved for a judgment of acquittal, pursuant to Crim.R. 29.   The trial court took the case under advisement and subsequently issued a written decision finding Chessman guilty as charged.   Chessman was sentenced to 90 days in jail and was fined $200.   The trial court suspended 45 days of the jail time and placed Chessman on community control.   Chessman was ordered to make restitution and to attend a "social responsibility clinic."   The sentence was stayed pending appeal.

{¶ 7}   Chessman appeals from his conviction and sentence.

II

{¶ 8}   Chessman's sole assignment of error states as follows:

{¶ 9}   "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS AT THE CLOSE OF THE STATE'S CASE AND THE EVIDENCE PRESENTED IS INSUFFICIENT TO SUSTAIN A GUILTY VERDICT."

{¶ 10}   Chessman contends that the trial court should have granted his motion for a judgment of acquittal, because the State failed to prove an element of the charged offense – that he took the property without the consent of the owners of the property.

{¶ 11}   When reviewing the denial of a Crim.R. 29(A) motion, an appellate court applies the same standard used to review a sufficiency-of-the-evidence claim.   *State v. Thaler,* Montgomery App. No. 22579, 2008-Ohio-5525, ¶ 14.   "A sufficiency of the evidence

argument disputes whether the State has presented adequate evidence on each element of the offense to * * * sustain the verdict as a matter of law." *State v. Wilson,* Montgomery App. No. 22581, 2009-Ohio-525, ¶ 10. The proper question is whether any rational finder of fact, viewing the evidence in a light most favorable to the State, could find the essential elements of the crime proven beyond a reasonable doubt. *State v. Dennis* , 79 Ohio St.3d 421, 430, 1997-Ohio-372. A guilty verdict will not be disturbed on appeal unless "reasonable minds could not reach the conclusion reached by the trier-of-fact." Id.

**{¶ 12}** R.C. 2913.02 provides:

**{¶ 13}** "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

**{¶ 14}** "(1) Without the consent of the owner or person authorized to give consent."

**{¶ 15}** Thus, a conviction for Theft under R.C. 2913.02(A)(1) requires proof that Chessman knowingly obtained or exerted control over property without its owner's consent and with the purpose of depriving the owner of the property.

**{¶ 16}** In this case, Chessman argues that the State failed to prove that he did not have the consent of the owners of the property he allegedly took. In support, he notes that no one expressly testified, during trial, that he lacked the consent of the owners. He contends that the State was required to present direct evidence that the property owners had not consented to his taking control of the property.

**{¶ 17}** This court has previously held that although the State has an affirmative obligation to present evidence supporting every element of an offense, it is not required to

present direct evidence regarding the lack of consent as long as there is sufficient evidence to permit the trier of fact to infer the lack of consent. *State v. Miller* (May 24, 1990), Montgomery App. No. 11734, * 1.

{¶ 18} In this case, Brandy Miller testified that when Chessman and the others attempted to take the Dewalt Level, she put her foot on the piece of equipment and specifically told them that it belonged to her fiancé. Additionally, Cody Ridenour testified that he had his baseball equipment and his Dewalt Sander in his portion of the duplex basement. He testified that as soon as he found out that the items were missing, he called the police. The evidence further shows that neither Chessman nor the individuals with him had permission to enter the basement.

{¶ 19} Although the better practice may have been for the State to have presented direct evidence regarding consent, we are aware that doing so is not always practicable. For example, when a defendant is charged with both Murder and Theft from the person of the deceased, it will often be impossible to provide direct evidence that the property of the deceased was taken without his or her consent.

{¶ 20} In the case before us, we conclude that the trial court, as the trier of fact, had evidence before it from which it could reasonably infer that no consent was given to Chessman to take the items from the basement.

{¶ 21} The sole assignment of error is overruled.

III

{¶ 22} Chessman's sole assignment of error being overruled, the judgment of the trial

court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and VUKOVICH, JJ., concur

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:

Ryan L. Brunk
Marc T. Ross
Hon. James L. Manning